**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
HIPOLITO NELSON HERNANDEZ,          :
                                    :  Civil Action No. 05-5182 (RBK)
            Petitioner,             :
                                    :
     v.                             :       **O P I N I O N**
                                    :
DEP'T HOMELAND SECURITY,             :
                                    :
            Respondent.             :
_____ :

**APPEARANCES:**

Hipolito Nelson Hernandez, Pro Se
#08382-067
FCI Fort Dix
P.O. Box 7000
Fort Dix, NJ 08640

Dorothy J. Donnelly
Assistant United States Attorney
402 East State Street, Room 430
Trenton, NJ 08608
Attorney for Respondent

**KUGLER**, District Judge

This matter is presently before the Court upon the submission by Petitioner Hipolito Nelson Hernandez, a prisoner currently confined at the Federal Correctional Institution at Fort Dix, New Jersey, of a Petition for Writ of Mandamus, seeking to compel the Department of Homeland Security Bureau of Immigration and Customs Enforcement to withdraw a detainer. Respondent has filed a motion to dismiss in response to the petition.

**BACKGROUND**

In December 1996, Petitioner was convicted of conspiracy to possess and possessing with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841, 846 in the United States District Court for the Middle District of Pennsylvania.  Petitioner was sentenced to 170 months imprisonment, pursuant to which he is presently incarcerated.

In 1997, the Immigration and Naturalization Service[1] lodged a detainer for a possible removal proceeding in the future based on Petitioner's drug conviction, which the INS classified as an "aggravated felony."  Petitioner filed an administrative request to lift the detainer,[2] which was denied.

---

[1] The Homeland Security Act of 2002, Pub. L. 107-296, 116 Stat. 2135, transferred the immigration enforcement functions of the Commissioner of Immigration and Naturalization (or any officer, employee, or component of the Immigration and Naturalization Service ("INS")) to the Secretary of Homeland Security.  As of March 1, 2003, the INS ceased to exist and its functions were transferred to the Department of Homeland Security.  The former INS's enforcement, detention, and removal functions are within the responsibility of the Bureau of Immigration and Customs Enforcement.

[2] An INS detainer:

> serves to advise another law enforcement agency that the [Immigration and Naturalization] Service seeks custody of an alien presently in the custody of that agency, for the purpose of arresting and removing the alien.  The detainer is a request that such agency advise the Service, prior to release of the alien, in order for the Service to arrange to assume custody, in situations when gaining immediate physical custody is either impracticable or impossible.

8 C.F.R. § 287(a).

Petitioner contends here that his felony drug conviction is not an "aggravated felony," because it is not a crime of violence as defined by the United States Supreme Court in Leocal v. Ashcroft, 543 U.S. 1 (2004). The existence of the detainer deprives Petitioner of the ability to participate in certain Bureau of Prisons programs, including the Drug Abuse Program that could result in a one-year reduction of sentence on completion. Petitioner asks this Court to issue a writ of mandamus directing the Respondent to lift the detainer.

## DISCUSSION

Pursuant to 28 U.S.C. § 1361, "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Mandamus, however, is an extraordinary remedy. See Heckler v. Ringer, 466 U.S. 602, 616 (1984). Certain conditions must be met before mandamus relief is granted. "Among these are that the party seeking issuance of the writ have no other adequate means to attain the relief he desires, and that he satisfy 'the burden of showing that (his) right to issuance of the writ is clear and indisputable.'" Kerr v. United States District Court, 426 U.S. 394, 403 (1976) (citations omitted). Thus, mandamus is available to Petitioner here only if he shows that he has a clear right to the relief sought, that the Respondent has a clear duty to perform, and that no other adequate remedy is available.

Petitioner cites no authority, and this Court has located none, to suggest that he has a clear right to have the detainer lifted.  Petitioner does not suggest that he is not an alien; and his felony drug conviction appears to be an "aggravated felony," subjecting him to removal, without regard to whether it is a crime of violence.

"Any alien who is convicted of an aggravated felony at any time after admission is deportable."  8 U.S.C. § 1227(a)(2)(A)(iii).  The Immigration and Nationality Act defines an "aggravated felony" to include "illicit trafficking in a controlled substance (as defined in section 802 of Title 21), including a drug trafficking crime (as defined in section 924(c) of Title 18)."  8 U.S.C. § 1101(a)(43)(B).  A drug trafficking crime, according to section 924(c) of Title 18, is defined to include "any felony punishable under the Controlled Substances Act (21 U.S.C. § 801 et seq.) ... ."  Petitioner's conviction for possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841, meets this definition of "aggravated felony."

Nor does the incidental effect of this detainer on his eligibility for program participation violate any constitutional right to due process or equal protection.

A liberty interest protected by the Due Process Clause may arise from either of two sources:  the Due Process Clause itself or enacted law.  See Hewitt v. Helms, 459 U.S. 460, 466 (1983); Asquith v. Department of Corrections, 186 F.3d 407, 409 (3d Cir.

4

1999).  With respect to convicted and sentenced prisoners, "[a]s long as the conditions or degree of confinement to which the prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight."  Montanye v. Haymes, 427 U.S. 236, 242 (1976), quoted in Hewitt, 459 U.S. at 468 and Sandin v. Conner, 515 U.S. 472, 480 (1995).

It is well established that a prisoner possesses no liberty interest arising from the Due Process Clause in a particular custody level or place of confinement.  See, e.g., Olim v Wakinekona, 461 U.S. 238, 245-46 (1983); Hewitt, 459 U.S. at 466-67; Meachum v. Fano, 427 U.S. 215, 224-25 (1976); Montanye, 427 U.S. at 242.

Governments, however, may confer on prisoners liberty interests that are protected by the Due Process Clause.  "But these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  Sandin, 515 U.S. at 484 (finding that disciplinary segregation conditions which effectively mirrored those of administrative segregation and protective custody were not "atypical and significant hardships" in which a state

5

conceivably might create liberty interest).  Petitioner does not allege either that some statute confers a liberty interest in being free from the constraints imposed against prisoners subject to an immigration detainer or that the conditions under which he is confined present "atypical and significant hardships."  Thus, Petitioner cannot establish any deprivation of his liberty interests under the Due Process Clause.

"The existence of a detainer, by itself, ordinarily does not affect the inmate's program.  An exception may occur where the program is contingent on a specific issue (for example, custody) which is affected by the detainer."  BOP Program Statement 5322.11 § 524.13.  Thus, several programs prohibit participation by persons subject to detainer.  See, e.g., BOP Program Statement 5280.08 § 570.35 ¶ 10.f. ("The Warden may not ordinarily grant a furlough to an inmate with a detainer.").  These program regulations are a proper exercise of discretion by the Bureau of Prisons.

For example, the regulation limiting participation in the early release program established in 18 U.S.C. § 3621(b) has withstood challenge by persons subject to immigration detainers.  United States Code Title 18 Section 3621(b) requires the Bureau of Prisons to "make available appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition of substance addiction or abuse."  18 U.S.C. § 3621(b).  As an incentive for prisoners to successfully complete the

program, "[t]he period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve." 18 U.S.C. § 3621(e)(2)(B). Pursuant to these statutory sections, and in an exercise of the discretion vested in the Director of the Federal Bureau of Prisons, the Bureau has promulgated regulations prescribing certain additional early release criteria, <u>inter alia</u> excluding INS detainees from consideration for early release. See 28 C.F.R. § 550.58(a)(1)(I). This is the type of program limitation that Petitioner mentions.

In <u>Lopez v. Davis</u>, 531 U.S. 230 (2001), the Supreme Court held that it was a proper exercise of discretion by the Bureau of Prisons to categorically deny eligibility for early release to prisoners with "a prior felony or misdemeanor conviction for homicide, forcible rape, robbery, or aggravated assault, or child sexual abuse offenses," 28 C.F.R. § 550.58(a)(1)(iv), or to prisoners whose current offense is one of certain enumerated felonies involving the use or attempted use of force, or involving the carrying, possession, or use of a firearm or other dangerous weapon, or involving sexual abuse upon children, 28 U.S.C. § 550.58(a)(1)(vi). In reaching this conclusion, the Court first noted that the language of § 3621(e)(2)(B) grants the Bureau discretion to reduce a prisoner's sentence for successful

completion of a substance abuse treatment program, but fails to define any parameters by which the Bureau should exercise that discretion.

> In this familiar situation, where Congress has enacted a law that does not answer "the precise question at issue," all we must decide is whether the Bureau, the agency empowered to administer the early release program, has filled the statutory gap "in a way that is reasonable in light of the legislature's revealed design." We think the agency's interpretation is reasonable both in taking account of preconviction conduct and in making categorical exclusions.

Lopez, 531 U.S. at 242 (citing, inter alia, Chevron, U.S.A., Inc. v. National Resources Defense Council, Inc., 467 U.S. 837, 842 (1984))(other citations omitted). Thus, "the statute's restriction of early release eligibility to nonviolent offenders does not cut short the considerations that may guide the Bureau." Lopez, 531 U.S. at 242. See also Magnin v. Beeler, 110 F. Supp.2d 338 (D.N.J. 2000) (upholding 28 C.F.R. §550.58(a)(1)(vi), before Lopez, as a valid exercise of the Bureau's discretion).

The Court of Appeals for the Eighth Circuit has stated that it sees no difference between the categorical exclusion examined by the Supreme Court in Lopez v. Davis and the categorical exclusion of prisoners subject to an INS detainer in 28 C.F.R. § 550.58(a)(1)(I), holding that the latter is also within the Bureau's discretion. See United States v. Lopez-Salas, 266 F.3d 842, 848 (8th Cir. 2001). Here, the programs mentioned by Petitioner, those involving transfer, halfway house, or camp, are ones in which "custody" is a consideration, similar to the early

release program, and Petitioner has not suggested any reason why it is unreasonable for the Bureau to take into account an INS detainer in determining eligibility for such programs.  This Court agrees with the Eighth Circuit that the existence of an INS detainer is a legitimate factor to consider in determining eligibility for custody-related programming.

Finally, the exclusion of persons subject to an INS detainer does not violate the Equal Protection Clause.  Regulations such as those challenged here classify prisoners as those who are subject to custodial considerations (including those who have detainers lodged against them) and those who are not, not on the basis of alienage.  See McLean v. Crabtree, 173 F.3d 1176, 1185-86 (9th Cir. 1999), cert. denied, 528 U.S. 1086 (2000).  Accordingly, "the Equal Protection Clause requires only that the classification rationally further a legitimate state interest." See Nordlinger v. Hahn, 505 U.S. 1, 10 (1992).

Excluding prisoners subject to detainers or other custodial considerations from participation in programs involving custody issues is rationally related to the Bureau's legitimate interest in preventing such prisoners from fleeing.  See McLean v. Crabtree, 173 F.3d at 1185-86.  Accordingly, the detainer, and the program limits it triggers, do not violate the Equal Protection Clause.

9

**CONCLUSION**

For the reasons set forth above, Respondent's Motion to Dismiss is granted; the Petition will be dismissed.  An appropriate order follows.

S/Robert B. Kugler
ROBERT B. KUGLER
United States District Judge

Dated: February 3, 2006